## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**STEVEN COLE SPURLIN**                                                                 **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 4:21-CV-P103-JHM**

**JUDGE CHRISTOPHER B. OGLESBY**                                                        **DEFENDANT**

### MEMORANDUM OPINION

This is a civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### I.

Plaintiff Steven Cole Spurlin brings this action against Hopkins County Court Judge Christopher B. Oglesby in his official capacity only. Plaintiff makes allegations against Judge Oglesby regarding actions taken during Plaintiff's state-court criminal proceedings. Plaintiff first alleges that after he informed Judge Oglesby that his public defender was not representing him adequately and requested time to hire a "paid lawyer," Judge Oglesby told him that he would "only have 2 weeks to hire a lawyer and prepare a legal defense and all of which would have to be done while I was still detained in Hopkins County Jail . . . during the hight of the Pandemic." Plaintiff next alleges that when he returned to court two weeks later, "his [paid] lawyer was not present do to having Covid." Plaintiff states that he asked Judge Oglesby "for more time due my counsel being sick and not there to represent me . . . and I was denied that right." Plaintiff also alleges that during his "revocation hearing" Judge Oglesby appointed the same public defender to represent him whom Plaintiff had previously "relinquished." Plaintiff states that this appointment was a "conflict of interest and a violation of my civil rights as well as my right to due process because I had [no] previous contact with the public defender prior to my revocation hearing which made the

public defender [] ineffective at the least." Plaintiff also alleges that he suffered severe injuries during his arrest for which he needed surgery and that he provided paperwork to Judge Oglesby showing that he needed "direct medical attention" but that Judge Oglesby "denied me that right also."

As relief, Plaintiff seeks damages. He also states that he seeks injunctive relief in the form of "28 U.S.C. 2241, 28 U.S.C. 2255."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to

conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff's official-capacity claim against Judge Oglesby fails for two reasons. First, state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Thus, because Plaintiff seeks money damages from a state official in his official-capacity, he fails to state a cognizable claim under § 1983. Plaintiff's official-capacity claim against Judge Oglesby also fails because claims against state officials in their official capacities are deemed claims against the Commonwealth of Kentucky and are, therefore, barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 at 166, 169 (1985); *see also Bennett v. Thorburn*, 843 F.2d 1390 (6th Cir.

3

1988) (concluding that an official-capacity suit against a judge who presided over state-court litigation was barred by the Eleventh Amendment).

Moreover, even if Plaintiff had sued Judge Oglesby in his individual capacity, the complaint would still fail to state a claim upon which relief may be granted. This is because judges are entitled to absolute immunity from suits for money damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). Thus, because Plaintiff's complaint pertains only to actions taken by Judge Oglesby in his judicial capacity and within his jurisdictional authority, any individual-capacity claim against Judge Oglesby would be barred by judicial immunity.

Finally, regarding Plaintiff's request for injunctive relief, he cannot obtain relief under either 28 U.S.C. § 2241 or § 2255 in a § 1983 action. Moreover, a § 2255 petition is a challenge a federal sentence and is thus inapplicable to Plaintiff.[1]

---

[1] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.") (emphasis omitted).

## IV.

For the foregoing reasons, the Court will dismiss this action by separate Order.

The **Clerk of Court** is **DIRECTED** send Plaintiff both a 28 U.S.C. § 2241 and § 2254 packet for his use should he decide to file a habeas corpus action. Plaintiff must decide which form, if either, meets his needs.

Date: October 13, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendant
4414.011